IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DAVID BROOKINS, | : | |
| *Petitioner*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ et al., | : | No. 14-2645 |
| *Respondents*. | : | |

**MEMORANDUM**

PRATTER, J.                                                                                                                                                                   JUNE 15, 2018

Petitioner John David Brookins was convicted of first-degree murder in the Bucks County Court of Common Pleas in 1992. After pursuing his available avenues for relief in state court, he brought this petition for a writ of habeas corpus. In a meticulous Report and Recommendation spanning 105 pages, Magistrate Judge Strawbridge recommended that the petition be dismissed. For the reasons that follow, the Court agrees.

**DISCUSSION**

By the Court's tally, Mr. Brookins raises 28 claims — 17 in his original habeas petition and 13 in the supplemental petition, of which two are duplicates. The claims fall into three buckets: (A) claims that are not cognizable on federal habeas review, (B) claims that have been procedurally defaulted, and (C) claims that must be dismissed on the merits.

**A. Cognizability**

Nine claims relating to Mr. Brookins's PCRA proceedings are not cognizable. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). "[A]lleged errors in collateral proceedings . . . are not a proper basis for

1

habeas relief from the original conviction. It is the original trial that is the 'main event' for habeas purposes." *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004); *see also Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("[W]hat occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation."). These rules render nine claims unreviewable. *See* Report & Recommendation 19–20 (claim I); *id.* 20–22 (claim II); *id.* 22–23 (claim III); *id.* 23–24 (claim IV); *id.* 24–26 (claim V); *id.* 26–27 (claim VI); *id.* 27 (claim VII); *id.* 28–29 (claim VIII); *id.* 29–30 (claim IX).

In addition, a tenth claim challenges the sufficiency of the evidence supporting probable cause to arrest Mr. Brookins. But "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Thus, this Fourth Amendment challenge is beyond the scope of federal habeas corpus review. *See* Report & Recommendation 50 (part of claim XIV).

### B. **Procedural Default**

Mr. Brookins failed to exhaust state-court review on 13 of his claims and is therefore procedurally barred from bringing them in federal court. *See* Report & Recommendation 37–38 (part of claim X); *id.* 41–43 (claim XI); *id.* 44–48 (claim XII); *id.* 48–49 (claim XIII); *id.* 51 (claim XIV); *id.* 73–77 (supplemental claim 2); *id.* 77–81 (supplemental claim 3); *id.* 85–88 (supplemental claim 6); *id.* 89–91 (supplemental claim 7); *id.* 96–97 (supplemental claim 10); *id.* 97–99 (supplemental claim 11); *id.* 99–101 (supplemental claim 12); *id.* 101–102 (supplemental claim 13). Among other requirements to receive federal habeas relief, a petitioner "in custody pursuant to the judgment of a State court" must have "exhausted the remedies available in the

courts of the State." 28 U.S.C. § 2254(b)(1)(A). In other words, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). At the time that Mr. Brookins needed to exhaust these claims, full state-court review in Pennsylvania included a petition for review by the Pennsylvania Supreme Court, which Mr. Brookins's counsel chose not to pursue for certain claims. *See* Report & Recommendation 51.

Finally, the Court agrees with Magistrate Judge Strawbridge that no finding of procedural default runs afoul of the rules set forth in *Coleman v. Thompson*, 501 U.S. 722 (1991), and *Martinez v. Ryan*, 566 U.S. 1 (2012).

### C. <u>Dismissal on the Merits</u>

Habeas relief will be granted to a state prisoner only if the challenged state-court decision was "contrary to, or involved an unreasonable application of, clearly established" precedent of the Supreme Court, or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). "[A]n unreasonable application [of Supreme Court precedent] is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). Mr. Brookins's petition includes four categories of claims that must be evaluated under this standard. None has merit.

*1. Batson.* — Mr. Brookins brings a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), which "forbids the prosecutor to challenge potential jurors solely on account of their race." *Id.* at 89. (In fact, this claim is raised twice — once as claim XVI in the original petition and again as claim 1 in the supplement.) During jury selection, the Commonwealth used peremptory challenges to strike the only two African-American jurors on the panel on the basis of their youth, body language, and views of the death penalty, among other considerations. The state court accepted the prosecutor's non-discriminatory reasons for striking those jurors. As

3

Magistrate Judge Strawbridge explained, the state court's ruling was not an unreasonable application of *Batson* or its progeny. Report & Recommendation 59–69.

 2. *Brady.* — Next, Mr. Brookins brings a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), which prohibits "the suppression by the prosecution of [material] evidence favorable to an accused." *Id.* at 87. (This claim, too, is actually raised twice — once as claim XV in the original petition and again as claim 4 in the supplement.) At trial, the Commonwealth revealed, for the first time, publicly available evidence that impeached the credibility of a defense witness. *See* Report & Recommendation 52–59. As Magistrate Judge Strawbridge explained, this maneuver did not violate *Brady* because the evidence was neither "favorable" to Mr. Brookins nor "suppressed" by the Commonwealth. *Id.* 58–59.

 3. *Strickland.* — Mr. Brookins advances a claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). He argues that his trial counsel was ineffective in failing to call as a witness Paul Cottman, who was dating the victim's daughter at the time of the murder. Since early in the case, Mr. Brookins has maintained that the victim's daughter committed the murder. He believes that Mr. Cottman would have testified that the daughter was violent toward her mother, addicted to crack, and in need of money for drugs on the day of the murder.

 As Magistrate Judge Strawbridge recognized, however, the decision not to call Mr. Cottman was "tactical." Report & Recommendation 33. If Mr. Cottman had taken the stand, then the Commonwealth would have elicited testimony that Mr. Brookins himself was violent and that he "seemed to know of the murder . . . before information on it had been released." *Id.* On collateral review, the state court ruled that the tactical decision not to call Mr. Cottman did not amount to ineffective assistance of counsel. Like Magistrate Judge Strawbridge, the Court
4

cannot say that such a ruling was an unreasonable application of *Strickland*. *See* Report & Recommendation 30–36 (part of claim X).

*4. Due Process Challenge to Closing Argument.* — Mr. Brookins advances a cluster of claims surrounding the prosecutor's conduct during her closing argument. According to Mr. Brookins, the prosecutor questioned the credibility of defense witnesses, *see* Report & Recommendation 70–73 (claim XVII); attributed testimony to several defense witnesses instead of a single defense witness, *see id.* 82–85 (supplemental claim 5); correctly stated that a defense witness accepted money in exchange for information, *see id.* 91–94 (supplemental claim 8); and approached the defense table too closely several times, *see id.* 94–95 (supplemental claim 9).

Faced with claims like these, the Court must ask whether the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (asking whether an error "had substantial and injurious effect or influence in determining the jury's verdict") (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). This inquiry is holistic: the Court considers the prosecutor's conduct "in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant." *See Moore v. Morton*, 255 F.3d 95, 107 (3d Cir. 2001). Operating under these guidelines, the Court agrees with Magistrate Judge Strawbridge that none of these state-court rulings was an unreasonable application of clearly established Supreme Court precedent.[1]

---

[1] In addition, there is no probable cause to issue a certificate of appealability. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert*, 387 F.3d at 230. The Court agrees with

## CONCLUSION

For the foregoing reasons, Mr. Brookins's petition for a writ of habeas corpus is dismissed. An appropriate order follows.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

Magistrate Judge Strawbridge that there is no probable cause to issue such a certificate in this action.